**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CIV-06-2035-PHX-MHM (GEE) |
| ) | CR-04-1108-PHX-MHM |
| Plaintiff-Respondent, ) | |
| ) | **REPORT AND** |
| vs. ) | **RECOMMENDATION** |
| ) | |
| Joel Doheny Duarte-Campos, ) | |
| ) | |
| Defendant-Movant. ) | |
| ) | |

On August 23, 2006, Joel Doheny Duarte-Campos, an inmate confined at the Federal Correctional Institution in Adelanto, CA, filed the instant motion to vacate, set aside or correct sentence pursuant to Title 28, United States Code, Section 2255. [doc. #37][1] Duarte-Campos claims his counsel was ineffective when he (1) "incorrectly advised the Petitioner regarding the consequences and the ultimate sentence," (2) "pressured/coerced the Petitioner into accepting a plea agreement," and (3) failed to file objections to the presentence report. *Id.*; (Defendant's reply.)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for a report and recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the motion on the merits.

---

[1] Clerk's criminal case document number.

|   |   |
|---|---|
| 1 | Summary of the Case |
| 2 | On October 15, 2004, Duarte-Campos, pleaded guilty to illegal reentry after deportation |
| 3 | in violation of 8 U.S.C. § 1326(a); (b)(2). (Government's response, p. 2.) In the plea |
| 4 | agreement, the parties agreed to a three-level downward adjustment to his base offense level for |
| 5 | acceptance of responsibility and a four-level downward departure pursuant to U.S.S.G. § 5K3.1. |
| 6 | *Id.* After these adjustments, his offense level would be 17. *Id.* With a criminal history category |
| 7 | of IV, his final guideline range would be 37 to 46 months. *Id.* |
| 8 | At the change of plea hearing before Magistrate Judge Jay R. Irwin, the court asked |
| 9 | Duarte-Campos about his legal representation. (Respondent's supplementary response, Exhibit |
| 10 | A., pp. 7-9.) Duarte-Campos affirmed that he had enough time to discuss the case with his |
| 11 | attorney and that he was satisfied with his attorney's representation. *Id.* He denied the |
| 12 | existence of any promises or threats to induce him to plead guilty. *Id.*, pp. 12, 13, 20. He stated |
| 13 | he understood the plea agreement and understood he might receive a sentence of up to 63 |
| 14 | months in prison depending on his criminal history. *Id.*, pp. 13-15, 26-27. |
| 15 | At the sentencing hearing, Duarte-Campos expressed some reluctance about the |
| 16 | presentence report and his impending sentencing. (Respondent's supplementary response, |
| 17 | Exhibit B.) The district court continued the hearing until the afternoon to allow Duarte-Campos |
| 18 | to consult with his attorney. *Id.* |
| 19 | When the hearing resumed that afternoon, Duarte-Campos continued to express |
| 20 | misgivings. (Respondent's supplementary response, Exhibit C.) He told the court that his |
| 21 | attorney laughed at him when he asked if he could get a better sentence. *Id.*, p. 5. The district |
| 22 | court concluded Duarte-Campos' ennui was due to the length of the sentence he was facing |
| 23 | rather than to any deficiency in his representation. *Id.*, p. 6. |
| 24 | The presentence report documented an adjusted offense level of 17 and a criminal history |
| 25 | category of IV. (Respondent's supplementary response, Exhibit C, p. 11.) The court |
| 26 | specifically reviewed the criminal history calculation with Duarte-Campos. The category IV |
| 27 | finding resulted from convictions for grand theft of property, driving without a license, |
| 28 | possession of cocaine with intend to distribute within 1,000 feet of a school, and DUI with |

1  excessive blood alcohol. *Id.*, p. 9. Counsel made no objections to the presentence report. *Id.*,
2  p. 7. The court sentenced Duarte-Campos to 40 months' imprisonment in accordance with the
3  plea agreement. *Id.*, p. 17.

4  On August 23, 2006, Duarte-Campos filed the instant motion to vacate, set aside or
5  correct sentence pursuant to Title 28, United States Code, Section 2255. [doc. #37] The
6  government filed a response, and Duarte-Campos filed a reply. In the reply, Duarte-Campos
7  made additional allegations not included in his original motion. Accordingly, this court
8  instructed the government to file a supplementary response addressing Duarte-Campos'
9  additional allegations. The government filed its supplement on January 18, 2007. The
10 government concedes the motion is timely and argues the court should deny on the merits.

11
12 Discussion
13 A motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 provides
14 a remedy for those prisoners

15     in custody under sentence of a court established by Act of Congress claiming the
    right to be released upon the ground that the sentence was imposed in violation
16     of the Constitution or laws of the United States, or that the court was without
    jurisdiction to impose such sentence or that the sentence was in excess of the
17     maximum authorized by law or is otherwise subject to collateral attack . . .

18 28 U.S.C. § 2255.

19 Duarte-Campos claims his counsel was ineffective when he (1) "incorrectly advised the
20 Petitioner regarding the consequences and the ultimate sentence," (2) "pressured/coerced the
21 Petitioner into accepting a plea agreement," and (3) failed to file objections to the presentence
22 report. (Defendant's motion); (Defendant's reply.)

23 "The Sixth Amendment guarantees criminal defendants the right to effective assistance
24 of counsel." *Luna v. Cambra*, 306 F.3d 954, 961 (9th Cir. 2002) (quoting *Strickland v.*
25 *Washington*, 466 U.S. 668 (1984)), *amended by*, 311 F.3d 928 (9th Cir. 2002). To establish a
26 violation of this right, the defendant must prove "counsel's performance was deficient" and the
27 "deficient performance prejudiced the defense." *Id.* To show prejudice, the defendant "must
28 demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of

1 the proceeding would have been different." *Id.* "A reasonable probability is a probability
2 sufficient to undermine confidence in the outcome." *Id.* For grounds (1) and (2), to prove
3 prejudice Duarte-Campos must show that absent counsel's deficient performance he "would not
4 have pled guilty and would have insisted on going to trial." *See Hill v. Lockhart*, 474 U.S. 52,
5 59 (1985).

6 "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland v.
7 Washington*, 466 U.S. 668, 689 (1984). "A fair assessment of attorney performance requires
8 that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the
9 circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's
10 perspective at the time." *Id.* "Because of the difficulties inherent in making the evaluation, a
11 court must indulge a strong presumption that counsel's conduct falls within the wide range of
12 reasonable professional assistance . . . ." *Id.* (internal citation omitted).

13 Duarte-Campos first argues his counsel was ineffective when he "incorrectly advised
14 the Petitioner regarding the consequences and the ultimate sentence." (Defendant's motion, p.
15 4.) Under certain circumstances, counsel's misrepresentation or gross mischaracterization of
16 the likely outcome of the case could require the defendant's plea to be vacated. *See United
17 States v. Michlin*, 34 F.3d 896, 899 (9th Cir. 1994). In this case, however, Duarte-Campos fails
18 to explain what advice counsel gave him and why it was erroneous. Accordingly, he cannot
19 show his counsel's performance was deficient. Moreover, Duarte-Campos fails to argue he
20 would have gone to trial absent counsel's erroneous advice. Accordingly, he cannot show
21 prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Counsel was not ineffective.

22 Second, Duarte-Campos argues his counsel "pressured/coerced the Petitioner into
23 accepting a plea agreement." (Defendant's motion, p. 4.) He alleges counsel told him to answer
24 "yes" to all questions asked even though he did not fully understand the proceedings.
25 (Defendant's reply.) He asserts the plea agreement was written in English; and accordingly, he
26 did not understand the "<u>full</u> content of the Plea Agreement." *Id.* (emphasis in original).
27 Nevertheless, he maintains counsel insisted he "Just sign it!" *Id.* The record of the plea
28 hearing, however, does not support his claim. *Id.*

At the plea hearing, Duarte-Campos testified under oath that the plea agreement had been read to him in Spanish word for word before he signed it. (Government's response, Exhibit A, p. 12.) He said he discussed the agreement with counsel and had all his questions answered to his satisfaction. *Id.* He acknowledged the plea agreement contained everything he agreed to, and he agreed to everything that was in it. *Id.*, p. 13. He expressed his satisfaction with counsel's performance and further avowed no one threatened him or forced him in any way to plead guilty. *Id.*, p. 8, 20. The court found Duarte-Campos's change of plea knowing and voluntary. *Id.*, p. 27.

The record indicates Duarte-Campos understood the terms of the plea agreement. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). The record is devoid of any indication that Duarte-Campos was induced to plead guilty by counsel's threats or intimidation. Counsel's performance was not deficient. Moreover, Duarte-Campos fails to argue he would have gone to trial absent counsel's threats and intimidation. Accordingly, he cannot show prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Counsel was not ineffective.

Finally, Duarte-Campos argues counsel was ineffective because he failed to challenge the presentence report. He maintains his criminal history category would have been reduced to level III if counsel had filed a proper challenge. Apparently, Duarte-Campos was charged with assault and battery by the State of Oklahoma. (Defendant's reply.) This charge has not been resolved, but Duarte-Campos recently filed a petition for writ of mandamus to compel the state to resolve it pursuant to the Interstate Agreement on Detainers Act. (Defendant's reply, Exhibit A.) He argues counsel was ineffective for failing to challenge this charge.

This charge was discussed in the presentence report, but it was not included in the criminal history calculation that found Duarte-Campos to be in category IV. (Respondent's supplementary response, p. 9.); *Id.*, Exhibit C, p. 9. Accordingly, counsel's alleged failure to object, assuming this was deficient performance, did not cause Duarte-Campos to be erroneously placed in category IV. Duarte-Campos cannot show his counsel's alleged deficient performance caused him prejudice. Counsel was not ineffective.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order

DENYING the Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255. [doc. #37]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

The Clerk is directed to send a copy of this report and recommendation to all parties.

DATED this 20th day of February, 2007.

Glenda E. Edmonds
United States Magistrate Judge